*Henry A. Maynard,* for the appellants.   *W. E. Hughitt,* for the respondent.

Opinion by HARDIN. J. ; TALCOTT, P. J., and SMITH, J., concurred.

So much of the decree of the surrogate as credits the administratrix with the sum of $1,120 paid Eleanor A. Bradt reversed, and proceedings remitted to the surrogate of Cayuga county, with instructions to amend his decree accordingly, and as so amended, his decree is affirmed ; the costs of both parties on this appeal to be paid out of the fund.

---

THOMAS HALLETT, APPELLANT, *v.* ALBERT J. CARTER, RESPONDENT.

*Action for conversion — when a demand need not be made before suit brought.*

APPEAL by the plaintiff from judgment of the County Court of Steuben county, affirming a justice's judgment in favor of the defendant.

The action was for the wrongfull taking and conversion of stone belonging to the plaintiff.   The defendant was notified that the stone belonged to plaintiff before he took them and put them into his wall.   There was no evidence of a demand and refusal before the summons was issued, though the constable made a demand before he served, but after he received the summons.

The justice rendered judgment against the plaintiff as he states, " on the ground that no demand was made by plaintiff for the stone in question previous to the commencement of this action."

The court, at General Term, said :   "As the defendant was notified that the stone belonged to the plaintiff before he caused them to be taken and laid in his wall, no demand was necessary, if at the time the notification was given and stone taken by defendant they were the property of the plaintiff.   (*Cobb* v. *Dows,* 9 Barb., 232 ; *S. C.* affirmed, 10 N. Y., 335; *Boyce* v. *Brockway,* 31 N. Y., 490; *Storm* v. *Livingstone,* 6 Johns., 45; *Pierce*

v. *Van Dyke*, 6 Hill, 613; *White* v. *Brown*, 5 Lans., 78; *Twinam* v. *Swart*, 4 Lans., 263; *Rawley* v. *Brown*, 8 Weekly Digest, 532.)

The ground upon which the justice decided against the plaintiff was erroneous."

*Burrell & Hallett*, for the appellant. *Eli Soule*, for the respondent.

Opinion by HARDIN J.; TALCOTT. P. J., and SMITH, J., concurred.

Judgment of county court and that of the justice reversed.

---

ELIZA DACK, APPELLANT, *v.* JAMES DACK, RESPONDENT.

*Will — what evidence as to execution of, sufficient to authorize its admission to probate.*

APPEAL from a decision of the surrogate of Monroe county, refusing to admit to probate a codicil to the will of James Dack, deceased.

The testator's will, dated December 15, 1871 was admitted to probate. The codicil is dated March 8, 1876.

The surrogate decided that the testator was competent to make a will, and that the will was executed in due form. and that neither the will nor codocil was procured by undue influence; that the evidence failed to *show a proper execution of the codicil,* and he, therefore, admitted the will to probate and rejected the codicil. The appeal is from that part of the decree which rejects the codicil.

The attestation clause to the codicil was in the usual form, and was signed by three witnesses.

The codicil was drawn by one of the witnesses at the request of the testator, after proper instructions, as to what disposition he desired to make of his property, had been given. The codicil was drawn at the residence of the draughtsman and there executed.

The testator visited the draughtsman in February, 1876, and took the will to him and left it.